UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

FILED
01 MAR -2 PM 12:41

U.S. BANKRUPTCY COURT
GREENSBORO, NC

IN RE: DILLARD, STEPHANIE MARIE )
) Case No. B-01-10439 C-13G
)
)
_____ Debtor _____ )

## MOTION FOR SANCTIONS PURSUANT TO 11 U.S.C. 362(h)

NOW COMES the Debtor, by and through counsel, and files this motion seeking sanctions as provided for by 11 U.S.C. §362(h) against General Motors Acceptance Corporation (hereinafter "GMAC"). In support of that motion, the Debtor shows unto the Court the following:

1. The Debtor filed this Chapter 13 case on February 20, 2001. The plan has not yet been confirmed.

2. In her bankruptcy petition, the Debtor listed an ownership interest in a 1998 Mitsubishi Galant (hereinafter "Vehicle"), which the debtor estimated its value at $9,600.00.

3. Prior to the commencement of this chapter 13 case, GMAC repossessed the Vehicle, upon information and belief, pursuant to the terms of the security agreement executed by the debtor in favor of GMAC.

4. Notice of the commencement of the chapter 13 bankruptcy case was sent to GMAC by first class mail, sent to a proper GMAC office address, on February 20, 2001. Notice was also provided by telephone communication on February 20, 2001. In that telephone communication, demand for turnover of the vehicle was made by debtor's counsel. The undersigned counsel's office was informed that GMAC would consult with their attorney, who is Pamela Keenan.

5. Contact was made by counsel for GMAC to debtor's counsel and the undersigned was informed that GMAC would not voluntarily return the vehicle at the time of this request. Counsel for the debtor is informed and believes the reason for the refusal is that GMAC has not been offered what it feels is adequate protection for the Vehicle. Counsel for GMAC indicated that GMAC would file a motion for relief from stay and if the motion was denied, then GMAC would return the vehicle to the debtor.

6. 11 U.S.C. §362 provides that a petition filed under this title operates as a stay, applicable to all entities, of

(a)(3) any act to obtain possession of property of the estate or of property from the estate, or to exercise control over property of the estate.

7. 11 U.S.C. §362(h) provides that an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

8. 11 U.S.C. §1306 provides that property of the estate includes, among other things, as property of the estate all of the property defined as property of the estate in 11 U.S.C. §541. 11 U.S.C. §541(a)(1) includes as property of the estate all legal and equitable interests of the debtor in property as of the commencement of the case.

9. At the time of the commencement of this case, the debtor was and remains the legal title owner of the Vehicle, and holds a legal as well as equitable interest in the vehicle. The vehicle is property of the estate.

10. 11 U.S.C. §542(a) provides that an entity in possession, custody or control of property that ... the debtor may exempt under section 522 of this title SHALL deliver to the trustee, and account for such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11. The debtor may claim an exemption in this vehicle pursuant to 11 U.S.C. §522 and N.C.G.S. §1C-1601(a)(3). The vehicle in this case does not have equity above the purported lien of GMAC, however the Vehicle is of benefit to the estate as it is the only working transportation the debtor has for support of her household and to maintain her employment. This vehicle is necessary for a successful reorganization.

12. GMAC has failed to turnover to the trustee the Vehicle or otherwise account for its value to the trustee.

13. GMAC, after due notice of the commencement of this case, has deliberately refused to return the vehicle to the debtor, and is willfully violating 11 U.S.C. §362(a)(3) by continuing to exercise control over property of the estate.

14. The debtor has been without the use of the vehicle since the commencement of this case, and has incurred actual damages equivalent to the value of the vehicle and attorney fees with the filing of this action.

WHEREFORE, the Debtor respectfully requests the Court to enter an order finding

(1) That General Motors Acceptance Corporation is in violation of 11 U.S.C. §362(a)(3) by exercising control over property of the estate in violation of the automatic stay, and is liable for sanctions pursuant to 11 U.S.C. §362(h).

(2) Appropriate actual damages, including an award of damages up to the fair market value of the property being controlled by GMAC and an award of appropriate attorney fees incurred with the bringing of this action, and if applicable, appropriate punitive damages.

(3) And for such other and further relief as this Court deems fit and proper.

This the 2nd day of March, 2001.

Phillip E. Bolton SB #12326
Attorney for the Debtor
P.O. Box 10247
Greensboro, NC 27404
(336) 294-7777

FILED
01 MAR -2 PM 12: 41
U.S. BANKRUPTCY COURT
GREENSBORO, N.C. BY___

IN RE: DILLARD, STEPHANIE MARIE ) Case No. 01-10439 C-13G
)
)
)
_____Debtor_____ )

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served the attached MOTION FOR SANCTIONS upon those parties shown below by causing said documents to be deposited in a post-paid properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service.

This the 2nd day of March, 2001.

Phillip E. Bolton   SB# 12326
Attorney for the Debtor
P.O. Box 10247
Greensboro, NC   27404
(336) 294-7777

SERVED ON:

Anita Jo Kinlaw Troxler
P.O. Box 1720
Greensboro, NC 27402-1720

Kirschbaum, Nanney, Brown & Keenan, P.A.
PO Box 19766
Raleigh, NC 27619
Attn: Pamela Keenan

Stephanie Dillard
1407 Jackson St.
Burlington, NC 27217

General Motors Acceptance Corp.
P.O. Box 30788
Charlotte, NC 28230-0788